IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THOMAS G. WAMSLEY,

          Plaintiff,

v.                            CIVIL ACTION NO. 2:10-cv-00990

LIFENET TRANSPLANT SERVICES INC., et al.

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for improper venue under 12(b)(3), or, alternatively, to change venue for forum non conveniens pursuant to 28 U.S.C. § 1404(a) [Docket 6]. For the reasons set forth below, Defendants' motion to dismiss under 12(b)(6) is **DENIED WITHOUT PREJUDICE**. Defendants' motions to dismiss for improper venue under Rule 12(b)(3) and to change venue for forum non conveniens are **DENIED**. The Court construes Plaintiff's Response in Opposition to Defendants' Motion to Dismiss as a Motion to Amend Complaint [Docket 11], which is **GRANTED**. Plaintiff is **DIRECTED** to file an amended complaint in this matter by **April 14, 2011.**

*I. BACKGROUND*

This action arises from Lifenet Health and Lifenet Transplant Services' (collectively "Defendants") alleged distribution of an Achilles tendon that was surgically implanted within


Thomas Wamsley's ("Plaintiff") left ankle. Plaintiff contends that the implanted tendon was infected and has caused him suffer damages.

On or about March 22, 2010, Plaintiff filed his original complaint in this matter, alleging a cause of action pursuant to W. Va. Code § 46A-6-106(a) of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). The complaint was served on the Secretary of State on July 7, 2010, and received by Defendants on July 12, 2010. Defendants timely removed to this Court on August 5, 2010, citing diversity jurisdiction as the sole grounds for removal.

On August 12, 2010, Defendants filed the instant motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6), for improper venue pursuant to Rule 12(b)(3), and alternatively, for change of venue pursuant to 28 U.S.C. § 1404(a). Plaintiff responded in opposition to all three motions on September 7, 2010, arguing that, while his removed complaint should only be subject to West Virginia's pleading requirements, it nevertheless satisfied both the state and federal requirements. Alternatively, Plaintiff sought the Court's leave to amend his complaint. Defendants replied in opposition on September 14, 2010, and the motions are now ripe for review.

## II. DISCUSSION

*A. Motion to Dismiss 12(b)(6)*

Federal Rule of Civil Procedure 81(c) provides that the Federal Rules "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." Once a case has been properly removed to federal court, it becomes subject to the requirements of the Federal Rules. *See generally* 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3738 (4th ed. 2009)

(noting settled rule that removed actions "will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters").

Federal Rule of Civil Procedure Rule 8(a) requires only that a claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which its rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). *Twombly* states that a well-pleaded complaint must aver "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A "plausible" claim cannot be supported by mere "labels and conclusions." *Id.* at 555. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and critical elements of a claim must be, at a minimum, "suggested by the facts," *id.* at 569. This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). In testing the sufficiency of the complaint, the Court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable inferences from those facts in the plaintiff's favor." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (all factual allegations in pleadings assumed to be true).

The sole count of Plaintiff's complaint seeks relief pursuant to the provisions of W. Va. Code § 46A-6-106(a) of the WVCCPA. In *White v. Wyeth*, 705 S.E.2d 828 (W. Va. 2010), a case filed since the parties completed their briefing on this issue, the West Virginia Supreme Court of Appeals clarified:

> [A] private cause of action under the provisions of West Virginia Code § 46A-6-106(a) of the West Virginia Consumer Credit and Protection Act must allege: (1) unlawful conduct by

3

a seller; (2) an ascertainable loss on the part of the consumer; and (3) proof of a causal connection between the alleged unlawful conduct and the consumer's ascertainable loss. Where the deceptive conduct or practice alleged involves affirmative misrepresentations, reliance on such misrepresentations must be proven in order to satisfy the requisite causal connection.

*Id.* at 837. Plaintiff's current complaint does not allege any nexus between the allegedly unlawful conduct of Defendants, which remains unidentified, and his own loss. As such, his complaint fails both notice pleading[1] and heightened federal standards.

.  In Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, Plaintiff requests that he be permitted to amend his complaint if the Court finds it deficient. (Docket 11 at 2.) Fed. R. Civ. P. 15(a) permits amendment of a complaint at this juncture "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Sciolino v. Newport News, Va.*, 480 F.3d 642, 651 (4th Cir. 2007) (quoting *Johnston v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)). Defendants have not indicated that they will be prejudiced by such an amendment, and as such the Court will allow Plaintiff the opportunity to reformulate his claim pursuant to *Wyeth*. Accordingly, the Motion to Amend contained in Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, [Docket 11], is **GRANTED**. Plaintiff's Motion to Dismiss, [Docket 6], is thus **DENIED WITHOUT PREJUDICE**.

---

[1] West Virginia requires that "a complaint [] be intelligibly sufficient for a circuit court or opposing party to understand whether a valid claim is alleged and, if so, what it is." *Roth v. DeFeliceCare, Inc.*, 700 S.E.2d 183, 189 (W. Va. 2010). Given the deficiency of Plaintiff's complaint, the Court need not comment further on Plaintiff's argument that he should be subjected to lower pleading standards.

*B. Motion to Dismiss 12(b)(3)*

When a case is removed to federal court, 28 U.S.C. § 1441(a) governs venue. *Smith v. JP Morgan Chase Bank, N.A.*, 727 F. Supp. 2d 476, 479 (S.D. W. Va. 2010) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953) ("The venue of removed actions is governed by 28 U.S.C. § 1441(a)," and "§ 1391 has no application to . . . a removed action.")). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This case was originally filed in the Circuit Court of Kanawha County, West Virginia. As such, removal to this district was proper, and Defendants' Motion to Dismiss for Improper Venue, [Docket 6], is **DENIED**.

*C. Motion to Transfer 28 U.S.C. § 1404(a)*

The Court may, "for the convenience of the parties and witnesses" and "in the interests of justice," transfer the case to any other district or division where the action might have been brought. 28 U.S.C. § 1404(a). Such a transfer, however, is dependent upon the "weighing . . . [of] a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "Factors commonly considered in ruling on a transfer motion include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice." *AFA Enters., Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D. W. Va 1994). "The party bringing a motion for transfer . . . bears the burden of showing the propriety of transfer." *United Bankshares, Inc. v. St. Paul Mercury*

*Ins. Co.*, No. 6:10-cv-00188, 2010 WL 4630212, at *9 (S.D. W. Va. Nov. 4, 2010) (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010)). The plaintiff's forum selection is accorded considerable weight. *Id.* at *10; *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir.1984). Indeed, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Additionally, "transfer . . . will be denied if it would merely shift the inconvenience from the defendant to the plaintiff." *AFA Enters., Inc.*, 842 F. Supp. at 909.

First, the Court must determine whether the Northern District of West Virginia is a venue where this action might originally have been brought. 28 U.S.C. § 1404(a). As the parties do not dispute that Davis Memorial Hospital, where the implantation of the allegedly defective Achilles tendon occurred, is located in Elkins, West Virginia, there is no question that Plaintiff could have originally brought this action in the Northern District of West Virginia. *See* 28 U.S.C. § 1391 (civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Second, the Court must determine whether a transfer would be for the convenience of the parties and in the interests of justice. In the instant case, the relevant *AFA* factors are the first, second, third, fourth, and seventh. At the outset, the first *AFA* factor, "ease of access to sources of proof," appears to tip slightly in favor of the Northern District. *AFA Enters., Inc.*, 842 F. Supp. at 909. Most of the events giving rise to this cause of action occurred in the Northern District, and Defendants argue that any records related to the implantation of the Achilles tendon will be located in Elkins. However, the actual *implantation* of the tendon is only a portion of Plaintiffs' claim, which also focuses on the allegedly defective nature of the tendon as distributed by Defendants. It

is certainly possible that proof sources related to the distribution of the tendon itself would be located in Defendants' headquarters out of state. Accordingly, although this factor weighs in favor of the Northern District, the weight is only slight.

The second *AFA* factor, "the convenience of parties and witnesses," weighs slightly in favor of the Southern District. *Id.* Notably, Plaintiff "has chosen this district as [his] preferred venue, indicating [his] belief that . . . it is more convenient for [him]." *Williams v. PNC Bank*, No. 2:09-cv-953, 2010 WL 417424, at *4 (S.D. W. Va. Jan. 29, 2010). Defendants are located in Virginia Beach, Virginia. Defendants argue that their headquarters in Virginia Beach is closer to Elkins than to Charleston, hence rendering Elkins a more convenient forum. To the extent that any hearings would even be held in Elkins,[2] the increase in Defendants' travel time if this case is heard in Charleston is approximately an additional hour each way. As Defendants will have to travel to West Virginia regardless of the final venue chosen, this additional hour does not tip the scales in their favor. Further, in terms of witness inconvenience, the moving party "has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *United Bankshares, Inc.*, 2010 WL 4630212, at *9 (quoting *Samsung Elec. Co, Ltd., v. Rambus, Inc.*, 386 F. Supp.2d 708, 718 (E.D. Va. 2008)). No witnesses other than the Plaintiff have been identified, and the parties disagree as to whether the primary pool of witnesses will be drawn from either Elkins or Virginia Beach. The Court is reticent to place weight on these hypothetical witnesses given the parties' disagreement on this issue and Defendants' failure to provide any evidence regarding

---

[2] The Court notes that, at present, the federal courthouse in Elkins is without a sitting district judge. The three district judges in the Northern District are headquartered in either Wheeling or Clarksburg.

7

witness inconvenience. *Compare* (Docket 11 at 8 ("Virginia Beach . . . is the location of many of the witnesses that will need to testify in this matter.")), *with* (Docket 13 at 5 ("[T]he majority of the witnesses . . . are located near Elkins.")). Accordingly, the second *AHA* factor tips in favor of the Southern District.

For similar reasons, the Court holds that the third *AFA* factor, "the cost of obtaining the attendance of witnesses," is largely neutral. *AFA Enters., Inc.*, 842 F. Supp. at 909. Once again, Plaintiff is the only identified witness at this time, and the costs of obtaining out-of-state witnesses are likely to be similar regardless of the final in-state venue chosen. To the extent that in-state witnesses may be located in Elkins, it is likely that it will be at least marginally more expensive to secure their testimony in the Southern as opposed to the Northern District. However, this marginal cost is not enough to tip the scales in Defendants' favor.

The fourth *AFA* factor, the "availability of compulsory process," is also neutral because "non-party subpoenas may be served at any place within this state." *Williams,* 2010 WL 417424, at *4. The Court does not credit Defendants' unfounded argument that "any witnesses who refuse to appear will be more likely to subject to the Northern District's compulsory process." (Docket 13 at 5.)

The final *AHA* factor, whether a transfer is in "the interests of justice," weighs in favor of the Southern District. *Williams,* 2010 WL 417424, at *4. Plaintiff asserts that, as his counsel is located in Charleston, a transfer to the Northern District "would greatly increase the legal fees and costs of this litigation." (Docket 11 at 8.) Plaintiff argues that he "is on Social Security Disability and has been disabled and unemployed since 1998. . . . [and] is less able to bear the burdens of additional legal fees and costs than the Defendants in this matter." (*Id.* at 9.) The Court agrees with

this district's decision in *Williams v. PNC Bank* that it is appropriate to consider, in the interests of justice, whether "a transfer from the venue where plaintiff's counsel was located would involve significant further expense to plaintiff." 2010 WL 417424, at *4. As Defendants have offered no countervailing considerations in the interest of justice, this factor weighs firmly in favor of the Southern District.

On balance, Defendants have not met their burden of showing the propriety of a transfer pursuant to 28 U.S.C. § 1404(a). Accordingly, Defendants' Motion to Transfer, [Docket 6], is **DENIED.**

### III. CONCLUSION

For the reasons explained above, Defendant's motion to dismiss under 12(b)(6) [Docket 6] is **DENIED WITHOUT PREJUDICE**. Defendant's motions to dismiss for improper venue under Rule 12(b)(3) and to change venue for forum non conveniens [Docket 6] are **DENIED**. Plaintiff's Motion to Amend [Docket 11] is **GRANTED**, and Plaintiff is **DIRECTED** to file an amended complaint in this matter by **April 14, 2011.**

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 31, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE